# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40352
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANDRA KARYME RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-583-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Pursuant to a plea agreement, Sandra Karyme Ramirez pleaded guilty to importing 500 grams or more of a substance containing a detectable amount of cocaine and was sentenced to 57 months of imprisonment. On appeal, she avers that she entered into an oral cooperation agreement with the Government during a post-arrest interview and contends that the district court committed error under U.S.S.G. § 1B1.8(a) when it used admissions she made

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

during that interview to determine her guidelines sentence range. She also argues that the district court erred when it denied her request for a mitigating role adjustment under U.S.S.G. § 3B1.2.

It is not entirely clear whether our review of Ramirez's § 1B1.8(a) argument is de novo or for clear error. *Compare United States v. Charon*, 442 F.3d 881, 889 (5th Cir. 2006), *with United States v. Gibson*, 48 F.3d 876, 878 (5th Cir. 1995). Nevertheless, Ramirez's argument fails even under de novo review. *See United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010) (declining to decide standard of review and applying more lenient standard).

Section 1B1.8(a) prohibits the district from using information to determine a defendant's sentencing guideline range when the subject information arises from an agreement wherein, inter alia, "the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant." In this case, the express terms of the written and executed plea agreement, which do not include any provisions regarding cooperation, appear to negate any argument that a binding and enforceable cooperation agreement was formed during Ramirez's post-arrest interview. *See Charon*, 442 F.3d at 890 n.8. Moreover, even assuming arguendo that the Government requested and Ramirez agreed to cooperate, there is no evidence that the Government agreed that any "self-incriminating information" Ramirez provided would "not be used" against her. § 1B1.8(a); *see Charon*, 442 F.3d at 890. Accordingly, the district court did not commit error in finding that § 1B1.8(a) was inapplicable and that it could use information Ramirez provided in her post-arrest interview to determine her guidelines range.

No. 19-40352

As to her second argument, Ramirez has not shown that the district court committed clear error in denying her a mitigating role adjustment under § 3B1.2. *See United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016).

AFFIRMED.